UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BRIAN WRIGHT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 14-0812-CV-W-BP-P |
| ) | |
| RYAN CREWS, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

Petitioner, a convicted state prisoner currently confined at the Western Reception, Diagnostic, and Correctional Center in Saint Joseph, Missouri, has filed *pro se* a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions and sentences for false imprisonment and sexual abuse, which were entered in the Circuit Court of Bates County, Missouri. Petitioner's convictions and sentences were affirmed on direct appeal. *State v. Wright,* 318 S.W. 3d 786 (Mo. Ct. App. 2010). The denial of his motion for post-conviction relief filed pursuant to Mo. Sup. Ct. R. 29.15 was upheld on appeal thereof. *Wright v. State*, 409 S.W. 3d 580 (Mo. Ct. App. 2013). Petitioner has completed his sentence for false imprisonment and currently is serving his sentence for sexual abuse.

Petitioner presents five (5)[1] grounds for relief: (1) trial court error in finding petitioner guilty of sexual abuse because there was insufficient evidence to prove the element of forcible compulsion; (2) trial court error in finding petitioner guilty of sexual abuse because there was insufficient evidence to prove that the touching was for the purpose of sexual arousal or

---

[1] Petitioner framed his petition in four (4) grounds, with Ground 4 containing two (2) parts. Because the two parts of Ground 4 are unrelated, this Court will discuss part 1 of Ground 4 as "Ground 4" and part 2 of Ground 4 as "Ground 5."

gratification; (3) trial court error in finding petitioner guilty of sexual abuse because the testimony of C.P. was so contradictory that it should be deemed insufficient as a matter of law or, alternatively, that the finding of guilt should be determined to be against the weight of the evidence; (4) trial court error in finding petitioner guilty of false imprisonment because there was insufficient evidence to show that he knowingly restrained C.P. in a manner that substantially interfered with her liberty; and (5) trial court error in permitting improper cross-examination of petitioner regarding an uncharged crime.

Respondent contends that all grounds are untimely and, alternatively, without merit. Respondent further contends that Ground 2 in procedurally defaulted, Ground 4 does not meet the "in custody" requirement, and that Ground 5 is an issue of state law and not cognizable in a federal habeas petition. Because this case presents an example in which "it is considerably easier and thus more judicially efficient to affirm on the merits than to untangle the complexities of the timeliness issue," this Court will address the procedural default and/or the merits of petitioner's grounds for relief. *Jones v. Bowersox*, 28 Fed. Appx. 610, 611 2002 WL 215523, \*\*1 (8th Cir. Feb. 13, 2002).

## FACTUAL BACKGROUND

In affirming petitioner's conviction and sentence, the Missouri Court of Appeals set forth the following facts:

> In the pre-dawn hours of November 18, 2007, [C.P.], while driving home from a friend's house, went off the road into a ditch. [Petitioner] stopped his pickup truck at the scene of her accident, pulled [C.P.] out of her car, helped her into his truck, and agreed to take the eighteen-year-old [C.P.] home to her parents' house. However, [petitioner] drove [C.P.] past her parents' house and informed her that he was not going to take her home. [C.P.]'s reaction was decisive. She screamed, hit the window, and pleaded with [petitioner] to take her home. [Petitioner] responded by showing her a knife and informing her that "I do have a

knife, just so you know."

[Petitioner] pulled into the church parking lot across from [C.P.]'s house, turned off the lights and parked. At this point [petitioner] began to grab [C.P.] between her legs and on her chest, trying to force his hands down her pants and shirt. [C.P.] testified that she fought [petitioner] by hitting, punching, and scratching him, but that [petitioner] pulled her toward him and shoved her head into his crotch area, saying "you know you want to do it," implying oral sex. During this struggle, [petitioner] touched [C.P.]'s breasts, broke her bra strap, and touched her genital region over her pants, despite her continued screaming and crying out for her father. [C.P.] testified that she was unable to get out of the truck despite pulling on the door handle and beating the window. Eventually [petitioner] stopped attacking [C.P.] and drove out of the parking lot. [C.P.] testified that she continued asking to be let out, saying [petitioner] could drop her off anywhere and she would not say anything, but [petitioner] persisted in his refusal of her requests to be taken home and, instead, asked her what she wanted to do. [C.P.] asked to be taken back to the friend's house she had come from, and [petitioner] agreed.

[C.P.] stated that [petitioner] again tried groping her as they drove past the vehicular accident scene and she screamed. [Petitioner] relented and continued driving. On the way to [C.P.]'s friend's house, the truck passed [C.P.]'s parents driving the opposite direction in the other lane. [C.P.] testified that when the truck arrived at her friend's house, [petitioner] told her to "get the f[---] out," reached across her and did something to the door, and then opened it. [C.P.]'s friend's mother answered the door and brought [C.P.] inside, helping her calm down and finding out what had happened.

[Petitioner] was arrested the next day. [Petitioner] waived his right to a jury trial, and a bench trial occurred on June 9-10, 2009. At trial, the State elicited evidence that [petitioner] had eight prior felony convictions, whereas he had only revealed two on direct examination. During re-cross, the State questioned [petitioner] if he had ever tried to pursue [ ] the owner of a bar that [petitioner] frequented, or stalked her, and he denied having done so.

The trial court found [petitioner] guilty of sexual abuse, acquitted him of felonious restraint, but found him guilty of the lesser-included offense of false imprisonment. The trial court sentenced [petitioner] to six years imprisonment for sexual abuse and a concurrent term of one year in the county jail for false imprisonment.

Resp. Ex. H, pp. 4-6.

Before the state court findings may be set aside, a federal court must conclude that the

3

state court's findings of fact lack even fair support in the record. *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. *Graham v. Solem*, 728 F.2d 1533, 1540 (8th Cir. en banc), *cert. denied*, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254(e)(1).[2] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## GROUND 1

In Ground 1, petitioner contends that the trial court erred in finding petitioner guilty of sexual abuse because there was insufficient evidence to do so. Specifically, petitioner contends that there was not sufficient evidence to prove the element of forcible compulsion.

The Supreme Court has explained that claims of insufficient evidence to support a verdict face "a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman v. Johnson*, 132 S.Ct. 2060, 2062 (2012). The first layer of deference is on direct appeal, where "[a] reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury.'" *Id.* (quoting *Cavazos v. Smith,* 565 U.S. 1 (2011)). A second layer of deference then applies on habeas review, where "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state

---

[2]In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

4

court." *Id.* Rather, "[t]he federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Id.*

In evaluating petitioner's claim, the Missouri Court of Appeals explained:

> [Petitioner]'s first point on appeal is that the evidence was insufficient to prove the "forcible compulsion" element of the section 566.100 sexual abuse offense. Forcible compulsion is defined in section 556.061(12) (RSMo Cum. Supp. 2007) as *either* "(a) [p]hysical force that overcomes reasonable resistance; or (b) [a] threat, express or implied, that places a person in reasonable fear of death, serious physical injury or kidnapping of such person or another person." The Missouri Supreme Court in *State v. Vandevere* defined physical force, as "simply force applied to the body." 175 S.W.3d 107, 108 (Mo. banc 2005) (quoting *State v. Niederstadt*, 66 S.W.3d 12, 15 (Mo. banc 2002)). It is not necessary that such force follow a victim's physical resistance, "[r]ather, the force used must be calculated to overcome the victim's resistance." *Id*.
>
> [Petitioner] acknowledges that there was sufficient evidence to support that he touched the victim's breasts but maintains that the element of forcible compulsion was not met because the timeline of when physical force was used is not clear. Under this argument, [petitioner] concedes that a struggle involving physical force happened but argues that there was no evidence to show that his use of force was successful in allowing him to touch [C.P.] in a sexual manner. However, this argument ignores the testimony of [C.P.] at trial.
>
> In her trial testimony, [C.P.] established that the struggle in the cab of the truck lasted approximately fifteen minutes, that during that encounter [petitioner] touched her breasts and genitals, that her bra strap was broken, and that it was the struggle that broke her bra strap. Furthermore, [C.P.] testified that [petitioner] was "continuously trying to [touch her breasts and genitals] when [she] was pushin' back and telling him no." Moreover, [C.P.] makes clear that the reason she could not remember whether [petitioner] succeeded in touching her breast inside her shirt or on the outside was because the touching occurred during the struggle.
>
>> Q: Did he ever physically touch your breasts?
>>
>> A: Yes.
>>
>> Q: Inside? Outside of the clothing? Or both?
>>
>> A: I couldn't – I honestly couldn't tell you. I know that his hands were on my chest.

5

> Q: Okay.
>
> A: And my bra strap got broken. As far as saying directly, I couldn't tell you. *It was a struggle*.
>
> From this testimony, it is clear that the reason the victim was unclear about whether [petitioner] succeeded in touching her breasts under her clothing was because that contact occurred during the physical altercation in the truck.

Resp. Ex. H, pp. 9-10.

The Missouri Court of Appeals' resolution of petitioner's claim that there was sufficient evidence to convict him was not based on an unreasonable determination of the facts or on a misapplication of federal constitutional law. *See* 28 U.S.C. 2254(d)(1) and (2); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (constitutional standard for judging sufficiency of the evidence in criminal trials is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"). "In applying this standard, '[t]he scope of our review for a collateral challenge to the sufficiency of the state's evidence is extremely limited. . . We must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state, and we must defer to that conclusion." *Sexton v. Kemna*, 278 F.3d 808, 814 (8th Cir. 2002) (citing *Miller v. Leapley*, 34 F.3d 582, 585 (8th Cir. 1994)), *cert. denied*, 537 U.S. 886 (2002).

In the present case, a judge or jury could have concluded beyond a reasonable doubt, based on the testimony of C.P., that the forcible compulsion element of the offense was proven. Although it is possible to conclude from the evidence that it was not proven, this Court may not conduct its own assessment of the evidence. *United States v. Anderson*, 78 F.3d 420, 422 (8th Cir. 1996) ( "[t]he evidence need not exclude every reasonable hypothesis of innocence. . . we may

6

not disturb the conviction if the evidence rationally supports two conflicting hypotheses."). The appellate court's ruling did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *see* U.S.C. § 2254(d)(1) and (2), and as such, Ground 1 will be denied.

## **GROUND 2**

In Ground 2, petitioner contends that the trial court erred in finding petitioner guilty of sexual abuse because there was insufficient evidence to prove that the touching was for the purpose of sexual arousal or gratification. Respondent contends that Ground 2 is procedurally defaulted.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995), *cert. denied*, 516 U.S. 1056 (1996). "In order to present a habeas claim to the state court, a prisoner must 'fairly represent' not only the facts, but also the substance of his federal habeas corpus claim." *Barrett v. Acevedo*, 169 F.3d 1155 (8th Cir. 1999) (citing *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996), *cert. denied*, 517 U.S. 1215 (1996)), *cert. denied*, 528 U.S. 846 (1999). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." *Sloan* at 1381.

Petitioner did not raise Ground 2 in either his direct appeal or during post-conviction proceedings. As such, Ground 2 is procedurally defaulted. *Sweet v. Delo*, 125 F.3d 1144, 1149

7

(8th Cir. 1997) (recognizing that failure to present claims in the Missouri courts at any stage of direct appeal or post-conviction proceedings is a procedural default), *cert. denied*, 523 U.S. 1010 (1998). A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

As an exception for establishing cause, the Supreme Court has held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012). Under this narrow exception, petitioner must demonstrate that the post-conviction counsel was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 688 (1984) (holding that, in order to succeed on a claim for ineffective assistance of counsel, petitioner must be able to show that his attorney's performance fell below an objective standard of reasonableness and that the deficient performance actually prejudiced him). Thus, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, at 1318.

The rule of *Martinez*, however, only extends to claims which may be brought, for the first time, in post-conviction relief, and complaints about trial court error must be brought on direct appeal. *McNeal v. State*, 412 S.W.3d 886 (Mo. 2013). In fact, the United States Court of Appeals for the Eighth Circuit and other courts decline to extend *Martinez* to claims alleging ineffective assistance of counsel on direct appeal. *Dansby v. Hobbs*, 766 F. 3d 809, 833-34 (8th Cir.
8

2014). *See also Reed v. Stephens*, 739 F. 3d 753, 778 n. 16 (5th Cir. 2014); *Hodges v. Colson*, 727 F. 3d 517, 531 (6th Cir. 2013); *Banks v. Workman*, 692 F. 3d 1133, 1148 (10th Cir. 2012).

Petitioner fails to show sufficient cause for his procedural default. He asserts only that "[his] lawyer said [he] should go on to the federal court." Doc. No. 1. Apparently, petitioner contends that he failed to raise Ground 2 in state proceedings because his attorney recommended that he go on to the federal court. To the extent that petitioner attempts to allege that his default is attributable to his attorney, an inmate may not allege "cause" excusing the default of a claim of trial court error based on ineffective assistance of appellate counsel if he did not assert a claim of ineffective assistance of appellate counsel in state court or cannot demonstrate independent cause to excuse the default of the ineffective assistance of counsel claim. *Edwards v. Carpenter,* 529 U.S. 446, 450-54 (1999); *see also Fields v. Roper,* 448 F.Supp.2d 1113, 1117 (E.D. Mo. 2006). Petitioner did not assert a claim of ineffective assistance of appellate counsel in state court. Resp. Ex. J, pp. 23-34; Resp. Ex. K.

Because Ground 2 is a claim of trial court error, moreover, rather than ineffective assistance of trial counsel, *Martinez* does not extend to excuse petitioner's procedural default of Ground 2. *Dansby v. Hobbs*, 766 F. 3d at 833-34. Because none of petitioner's grounds for relief include ineffective assistance of trial counsel and because all of petitioner's grounds for relief concern trial court error, petitioner should have raised all of his claims on direct appeal, and *Martinez* does not apply to any of his present grounds for relief.

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. *See Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006) (petitioner must present new evidence that affirmatively demonstrates that he is actually innocent

9

of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception), *cert. denied*, 549 U.S. 1036 (2006). As a result, Ground 2 will be denied.

# GROUND 3

In Ground 3, petitioner claims that the trial court erred in finding petitioner guilty of sexual abuse because the testimony of C.P. was so contradictory that it should be deemed insufficient as a matter of law or, alternatively, that the finding of guilt should be determined to be against the weight of the evidence.

Under *Jackson v. Virginia,* 443 U.S. at 319, conflicts in the evidence do not render the evidence insufficient and are a matter for the fact-finder to resolve. As explained in the previous discussion of Ground 1, the *Jackson* standard requires that, when faced with conflicting evidence, this Court disregard conflicting evidence and only consider the evidence that supported the finding of guilt to determine whether the evidence was sufficient. Petitioner has failed to meet the "high bar" in federal habeas review to overcome the state court's decision that the evidence was sufficient to support a finding of guilt for the charge of sexual abuse because petitioner has failed to demonstrate that "no rational trier of fact could have agreed" with the finding of guilt and that the state court decision was "objectively unreasonable." *Coleman v. Johnson*, 132 S. Ct. 2062 (quoting *Cavazos v. Smith,* 565 U.S. 1 (2011)).

The Missouri Court of Appeals explained that it was not unreasonable for the trial court to have believed the testimony of C.P.:

> [Petitioner] alleges that consideration of the entire record leads to a conclusion that [C.P.]'s testimony was so inconsistent that it was not credible enough to support [petitioner]'s conviction by the court. All contradictions alleged in [petitioner]'s brief, however, are either inconsistencies between trial testimony and pre-trial statements by [C.P.] or contradictions between [C.P.]'s testimony and the testimony of other witnesses and other non-testimonial evidence.

10

> As indicated in [*State v.*] Case[,140 S.W.3d 80 (Mo. App. W.D. 2004)], [C.P.]'s pre-trial statements are not within the scope of the destructive contradictions doctrine. Consequently, contradictions or inconsistencies between [C.P.]'s testimony and the testimony of other witnesses or other non-testimonial evidence are to be weighed by the trier of fact, in this case the trial court, who clearly found [C.P.]'s testimony to be credible. *State v. Whiteley*, 294 S.W.3d 114, 115 (Mo. App. S.D. 2009) (emphasis added) (quoting *State v. Lopez-McCurdy*, 266 S.W.3d 874, 876 (Mo. App. S.D. 2008)) ("'We defer to the [fact-finder's] superior position to weigh and value the evidence, determine the witnesses' credibility and *resolve any inconsistencies in their testimony.*'").
>
> Review of the record indicates that the destructive contradictions doctrine is not applicable in the instant case. Due to the inapplicability of the destructive contradictions doctrine and our deference to the trial court's judgment of witness credibility, [petitioner's Ground 3 argument] on appeal is denied.

Resp. Ex. H, pp. 8-9. Although petitioner relied upon Missouri's "destructive contradictions doctrine" for his argument on Ground 3 on direct appeal, the Missouri Supreme Court subsequently has recognized that doctrine is inconsistent with the federal standard for sufficiency of the evidence and has abolished the doctrine. *State v. Porter*, 439 S.W. 3d 208 (Mo. 2014).

Taking the evidence in the light most favorable to the state, as required by *Jackson*, 443 U.S. at 318-20, 325-26, a reasonable finder of fact could have determined that the defendant was guilty. Because the appellate court's ruling did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *see* U.S.C. § 2254(d)(1) and (2), Ground 3 will be denied.

## GROUND 4

In Ground 4, petitioner challenges the sufficiency of the evidence in regard to his conviction for false imprisonment. Respondent contends that, because petitioner completed his

11

one-year sentence for false imprisonment before the filing of the current petition, he is not "in custody" pursuant to 28 U.S.C. § 2254(a) and his claim should not be considered.

In *Maleng v. Cook*, 490 U.S. 488, (1989), the Supreme Court held that, "once the sentence imposed for a conviction has completely expired, an individual is not 'in custody' under that conviction for purposes of habeas corpus attack (and therefore a federal court lacks jurisdiction), even though the conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction." *Taylor v. Armontrout*, 877 F.2d 726, 726-27 (8th Cir. 1989). Even if petitioner contends that the one-year sentence for false imprisonment is related to his concurrent conviction, he still was required to present his claims while he was still "in custody" under the particular conviction challenged, as required under Section 2254(a). *See Maleng v. Cook*, 490 U.S. at 492; *Miles v. Maschner*, 175 F.3d 1025, 1999 WL 88938 (8th Cir. Feb. 19, 1999); *Love v. Tippy*, 128 F.3d 1258, 1259 (8th Cir. 1997)(per curiam).

Petitioner was no longer "in custody" on the expired false imprisonment conviction when he filed this petition on September 8, 2014. Therefore, this Court lacks jurisdiction to review the conviction. Ground 4 will be denied.

## GROUND 5

In Ground 5, petitioner contends that the prosecution improperly cross-examined him regarding an uncharged stalking offense. Respondent contends that Ground 5 in not cognizable because it presents an issue of state law. The Missouri Court of Appeals denied Ground 5 by stating:

> Even if evidence is improperly admitted, an issue we do not reach here, such admittance is only reversible error if the appellant proves that the admittance was so prejudicial that in the absence of such evidence the verdict would have been different. *State v. Prince*, 311 S.W.3d 327, 335 (Mo. App. W.D. 2010). Where,

12

as in this case, the underlying proceeding was court-tried, the appellant has a significant burden to prove such prejudice, because appellate courts presume that the trial court *did not rely* upon improperly admitted evidence unless the record clearly indicates otherwise. *State v. Gray*, 230 S.W.3d 613, 619-20 (Mo. App. S.D. 2007) (citing *State v. Clay*, 909 S.W.2d 711, 716 (Mo. App. W.D. 1995)). Because improperly admitted evidence must be prejudicial to prompt reversal, and because we presume that the trial court does not rely on improper evidence in a bench-tried case, the burden is on the appellant to show "'that the inadmissible evidence played a critical role in the trial court's decision.'" *State v. Fuller*, 267 S.W.3d 764, 767 (Mo. App. S.D. 2008) (quoting *State v. Ernst*, 164 S.W.3d 70, 75 (Mo. App. S.D. 2005)).

Applying that burden to the facts of our case, [petitioner] could only demonstrate that the inadmissible evidence played a critical role if the trial court revealed in some manner that it relied upon that evidence in reaching its verdict or the allegedly improperly admitted evidence was the *only* evidence available to substantiate an element of his offense. [Petitioner] does not attempt, and cannot make, such a showing.

[Petitioner] never argues that any of the contested testimony was necessary to substantiate any element of the offenses for which he was convicted. Instead, [petitioner] only alleges that the testimony regarding his prior convictions was prejudicial because it impacted his credibility. Similarly, [petitioner]'s challenge to the questions about the alleged stalking of [the bar owner] was not based on it substantiating an element of the charge against him but on his contention that the accusation would make the trier of fact believe that he was a sexual predator. Consequently, [petitioner] does not argue, and the evidence does not show, that the challenged testimony was necessary to substantiate an element of the offense.

Further, [petitioner] points to nothing in the record that would support an allegation that the trial court relied upon the allegedly improper testimony. Neither the trial court's oral pronouncement of its judgment nor the written judgment noted the accusation of stalking or the prior offenses. Even after a careful review of the transcript, we find that the trial court made no comments at trial that would indicate that it was placing weight on these factors in reaching its judgment.

Because [petitioner] has failed to show that the alleged inadmissible evidence, "played a critical role in the trial court's decision," [petitioner]'s [ ] point on appeal is denied.

Resp. Ex. H, pp. 12-14 (footnotes excluded). The state appellate court also noted in a footnote that petitioner did not object to the allegedly inadmissible evidence at trial, thereby failing to

13

preserve the claim for appellate review.   Resp. Ex. H, p. 12, n. 3.

State trial courts are afforded wide discretion with evidentiary rulings.  "An erroneous state-court evidentiary ruling violates the Due Process Clause only if it is 'gross, conspicuously prejudicial or of such import that the trial was fatally infected.'" *Richardson v. Bowersox*, 188 F.3d 973, 980 (8th Cir. 1999), *cert. denied*, 529 U.S. 1113 (2000) (*quoting Redding v. Minnesota*, 881 F.2d 575, 579 (8th Cir. 1989). "In other words, [petitioner] 'must show a reasonable probability that the error affected the trial's outcome.'" *Richardson*, 188 F.3d at 980 (*quoting Meadows v. Delo*, 99 F.3d 280, 283 (8th Cir. 1996).

"[T]here is no due process violation simply because a trial court admits evidence of a defendant's uncharged bad acts."   *Harris v. Bowersox*, 184 F.3d 744, 752 (8th Cir. 1999) (citing *McDaniel v. Lockhart*, 961 F.2d 1358, 1360 (8th Cir. 1992)), *cert. denied*, 528 U.S. 1097 (2000). As such, a "[petitioner] must show that the alleged error rendered the entire trial fundamentally unfair – that there is a reasonable probability that the error complained of affected the outcome of the trial – i.e., that absent the alleged impropriety, the verdict probably would have been different."   *Harris*, 184 F.3d at 752 (quoting *Carter v. Armontrout*, 929 F.2d 1294, 1296 (8th Cir. 1991)).   In making a fundamental fairness determination, "the totality of the facts in the case and the fairness of the whole trial" is reviewed.   *McDaniel*, 961 F.2d at 1360 (citing Hobbs v. Lockhart, 791 F.2d 125, 128 (8th Cir. 1986)).

Petitioner fails to meet this standard.   Even if testimony of the alleged stalking was excluded, the outcome of the case likely would not have been different.   Given that petitioner received a bench trial, the admission of the evidence was harmless because judges are presumed to ignore improper evidence.   *Harris v.* Rivera, 454 U.S. 339, 346-46 (1981).   The record does

14

not evince that the alleged error was "so conspicuously bad that it fatally infected the trial and rendered it fundamentally unfair." *Troupe v. Groose*, 72 F.3d 75, 76 (8th Cir. 1995) (citing *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995)).

Because the Missouri Court of Appeals' decision was based upon a matter of state law not cognizable under 28 U.S.C. § 2254 and because the allowance of the State's cross-examination questions did not amount to a denial of due process, Ground Five will be denied.

## A CERTIFICATE OF APPEALABILITY WILL BE DENIED

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. *See* 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.

/s/ Beth Phillips
BETH PHILLIPS
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: <u>January 23, 2015</u>.